**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC<br>A Mississippi Limited Liability<br>Corporation,<br>Plaintiff, | §<br>§<br>§<br>§<br>§ | |
| VS. | §<br>§ | NO. 07-CV-00630-MCW<br>Judge Williams |
| THE UNITED STATES,<br>UNITED STATES DEPARTMENT<br>OF THE AIR FORCE<br>Defendants. | §<br>§<br>§<br>§ | |

**MOTION TO DEEM UNPROTECTED CERTAIN MATERIALS FILED AS PART OF THE ADMINISTRATIVE RECORD**

COMES NOW Plaintiff RKR JOINT VENTURE, LLC and files this its Motion to Deem Unprotected Certain Materials Filed As Part of the Administrative Record. The materials were filed by Defendants and do not fall within the scope of material subject to the protective order in this case, for the reasons stated below.

I. LEGAL STANDARDS

"Protected information" as defined by the protective order in relevant part means "information, the protection of which is necessary to safeguard the competition process, including source selection information, and proprietary or confidential information contained in any document." Prot. Order ¶ 1(a).

Executive privilege applies to inter- and intra-agency deliberative communications or official information, and protects only "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *CACI Field Services, Inc. v. U.S.* 12 Cl.Ct. 680, 686 (1987). Accordingly, factual statements fall outside the scope of the privilege. *Id.*; *see also Environmental Protection Agency v. Mink*, 410 U.S. 73 (1973).

There is no national policy governing use of the For Official Use Only designation. DoD Directive 5400.7 defines For Official Use Only information as "unclassified information that may be exempt from mandatory release to the public under the Freedom of Information Act (FOIA)." The policy is implemented by DoD Regulation 5400.7-R and 5200.1-R. Thus, FOIA provides the test for disclosure of such documents.

## II. ANALYSIS

### A. Keesler AFB BOS A-76 Function Spreadsheet (8 pgs).

There is no source selection information, and proprietary or confidential information contained in this document. The document states facts regarding staffing levels in the Kessler AFB BOS program at various periods from 1999 to 2007. This is not privileged information. The document in no way indicates that the numbers it contains amount to criteria that would be used in future source selection activities by Defendants.

This document was "Last Updated 12 Jul 07," but there is no indication of when it was originally prepared.

### B. Unit Manpower Document (12 pgs)

There is no source selection information, and proprietary or confidential information contained in this document. The document states facts regarding staffing levels at a Kessler AFB program unit. This is not privileged information. The document in no way indicates the numbers it contains amount to criteria that would be used in future source selection activities by Defendants.

This document was "Printed on July 31, 2007," and contains data "Current as of 30 July 2007" but there is no indication of when it was prepared.

**C. Vice Chief DoAF E-mail Message "Command and Control of Network Operations" (3 pgs).**

Defendants have conceded that this message is not privileged.

**D. Draft Program Action Directive 07-10 (60 pgs).**

The document itself states, at 3: "This document is UNCLASSIFIED, is FOR OFFICIAL USE ONLY, and does not fall within the scope of directives governing the protection of information affecting the national security of the United States."

There is no source selection information, and proprietary or confidential information contained in this document. The document contains unclassified directives discussing unclassified agency structure, which is clearly recognized as non-exempt under the Freedom of Information Act, 5 U.S.C. § 552(a)(1). *Utah v. U.S. Dept. of Interior*, 256 F.3d 967, 969 (10th Cir. 2001) ("FOIA requires that federal government agencies 'shall make available to the public' a vast array of information concerning the agencies' structure, functions, procedures, and decisions").

The document itself anticipates "queries from the media and the general public concerning actions relating to this PAD or development of supporting plans will be referred to the Secretary of the Air Force Office of Public Affairs (SAF/PA) or the respective MAJCOM or equivalent public affairs office." *Id.* at 10.

**E. USAF Network Operations Concept (12 October 2006) (Pistilli) (32 pgs).**

The document itself states: "This document is UNCLASSIFIED, and does not come within the scope of directions governing the protection of information affecting national security. Although it is UNCLASSIFIED, it is FOR OFFICIAL USE ONLY." *Id.* at 2.

The document states its purpose, at 4, as follows:

> The document explains the AF Network Operations (AFNetOps) conceptual framework and details how the AFNetOps Commander will provide Service-level command and control (C2) over AF networks in support of the Commander, Joint Task Force-Global Network Operations (CDR JTF-GNO). This concept prepares the battlespace by leveraging technology, industry best practices and interoperability in order to provide AFNetOps/CC with unmatched situational awareness, C2 of network forces, streamlined network configuration/standardization, enterprise management (EM), portions of network defense (NetD) to include information assurance (IA), and configuration management (CM) of AF networks.

By its terms, the only purpose of the document is to relay agency structure. Though it states the assumptions and risks it considered, the document does not advise the Air Force on alternative courses of action. There is one course of action, and it is the agency structure discussed by the document. Further, the document is not a request for a plan to be adopted. Rather, as the purpose states, it "details how the AFNetOps Commander will provide" network services. *Id.* at 4.

There is no source selection information, and proprietary or confidential information contained in this document. The document contains unclassified discussion of unclassified agency structure, which is clearly recognized as non-exempt under the Freedom of Information Act, 5 U.S.C. § 552(a)(1). *Utah v. U.S. Dept. of Interior*, 256 F.3d 967, 969 (10th Cir. 2001) ("FOIA requires that federal government agencies 'shall make available to the public' a vast array of information concerning the agencies' structure, functions, procedures, and decisions").

DATED August 31, 2007

Respectfully submitted,

David F. Barton

State Bar No. 01853300
**THE GARDNER LAW FIRM**
745 E. Mulberry Avenue, Suite 100
San Antonio, Texas 78212-3149
Telephone: (210) 733-8191
Telecopier: (210) 733-5538
E-Mail: dfb@tglf.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded in compliance with the Federal Rules of Civil Procedure to all counsel of record as set out below, on this the 31st day of August, 2007, as follows:

Will Rayel
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW, Room 12100
Washington, DC 20530 (20005 for FedEx)
phone: (202) 616-0302
facsimile: (202) 307-0972

***VIA E-FILING***

DAVID F. BARTON