IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-630C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests the Court to dismiss the complaint of plaintiff, RKR Joint Venture, LLC ("RKR"), for lack of subject matter jurisdiction, upon the ground that RKR's challenge to the anticipated cancellation of Solicitation No. F41689-02-R-0049 by the United States Air Force ("Air Force") is not ripe for judicial review because the contracting officer, the person with authority to cancel a solicitation, has not issued a decision, tentative or final, to cancel the solicitation. Furthermore, RKR's challenge to the Air Force's evaluation of proposals in this procurement and tentative decision to implement the Most Efficient Organization ("MEO") structure in this A-76 procurement is moot because the Air Force has cancelled the tentative decision to implement the MEO structure.

STATEMENT OF FACTS

On March 14, 2003, the Air Force issued Solicitation No. F41689-02-R-0049 for base operating support services at Keesler Air Force Base in Mississippi ("Little BOS solicitation" or "solicitation"). AR 1. The solicitation was conducted as part of an A-76 cost study under the old pre-2003 A-76 circular. E.g., id. at 807. In approximately August 2005, the Air Force notified offerors that RKR was the contractor selected to compete with the MEO, but that the

results of the cost study favored the MEO. Id. at 494. The cost study was postponed due to Hurricane Katrina in September 2005 and did not resume until approximately January 2007. Id. After its final debriefing, RKR filed an administrative appeal, which was denied on May 23, 2007. Id. at 579-82. On June 7, 2007, RKR filed a protest with the Government Accountability Office ("GAO"). Id. at 491-804.

After the Air Force examined RKR's GAO protest, it determined that the best course of action was to take corrective action. Id. at 805, 807-23, 997-1002. On June 25, 2007, Brigadier General Martin T. Smoot, Jr., the Director of Manpower, Organization and Resources (AF/A1M) wrote to the Director of Manpower and Personnel at Air Education and Training Command ("AETC"), the major command of the Air Force that governs Keesler Air Force Base. App. 2.[1] General Smoot advised AETC, "I plan to recommend AF/A1 cancel the 'Little BOS' portion of the Keesler A-76 study" and that as a result of such cancellation "the solicitation will be cancelled and the MEO will not be implemented." Id. On June 27, 2007, AETC wrote back agreeing with the proposed course of action. App. 3. On July 5, 2007, Brigadier General K.C. McClain, Acting Deputy Chief of Staff for Manpower and Personnel (the AF/A1), decided to cancel the Little BOS decision (tentative decision to implement the MEO) and recommended the

[1] "App. _" refers to the appendix attached to our motion to dismiss. The redacted July 5, 2007 memorandum from Brigadier General K.C. McClain and three redacted attachments (the redactions are based upon the fact that the documents reflect attorney-client communications and the work product doctrine), App. 1-4, should have been included in the administrative record filed in this case, but were inadvertently excluded. Defendant's counsel was not made aware of the memorandum until after RKR filed its motion for leave to supplement the administrative record. If the Court denied this motion to dismiss, the Government would move to supplement the administrative record with these documents. Also, attachments two and three to the memorandum were withheld because attachment two is already in the administrative record at AR 491-804 and attachment three is a legal memorandum that is entirely privileged.

AETC contracting officer also cancel the solicitation. App. 1. In July 2007, in two letters to the GAO, the Air Force stated that it intended to take corrective action by cancelling the solicitation and not implementing the MEO. AR 805, 807-23. In its July 9, 2007 letter to the GAO, the reasons listed by the Air Force were: 1) an ambiguity in the solicitation regarding the Air Force's plans to shift to a more centralized approach to information technology services ("AFNETOPS"); 2) the need to make revisions to the period of performance, wage rate determinations, information technology and tax rates due to the delay caused by Hurricane Katrina; 3) concern over whether reopening and amending the solicitation was legal; 4) problems with the pre-2003 A-76 procedures; and 5) the need to implement new mandatory source selection criteria. Id. at 807-09.

On July 30, 2007, the GAO sought additional information from the Air Force regarding its reasons for the proposed cancellation. Id. at 993-95. On August 2, 2007, the Air Force responded to the GAO's request with a memorandum from Major General William Lord, Director of Cyberspace Transformation and Strategy in the Office of Warfighting Integration and Chief Information Officer. Id. at 1002. General Lord explained that the AFNETOPS transformation had changed 57 percent of the requirements in the solicitation and that the solicitation no longer met the Air Force's needs. Id. Based upon this statement, the GAO determined that the Air Force's proposed cancellation was reasonable dismissed RKR's protest. Id. at 1108-11. RKR then filed this action.[2]

---

[2] On August 22, 2007, the GAO notified the parties that it intended to dismiss RKR's protest. RKR filed it complaint in this Court on August 24, 2007. The GAO then issued its written decision dismissing RKR's complaint on August 29, 2007. AR 1108-11.

ARGUMENT

I. Standard of Review

In considering a motion to dismiss for lack of jurisdiction, the Court must accept as true the complaint's undisputed allegations of fact and construe the facts in the light most favorable to the plaintiff. Williams v. United States, 71 Fed. Cl. 194, 197 (2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by, Harlow v. Fitzgerald, 47 U.S. 800 (1982)). As the plaintiff, however, RKR generally bears the burden of establishing jurisdiction for the Court to entertain its complaint, Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (quoting Hart v. United States, 910 F.2d 815, 817 (Fed. Cir. 1990)), including the ripeness of the complaint.[3] Morris v. United States, 58 Fed. Cl. 95, 97 (2003) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Unless the undisputed facts reveal a basis upon which the non-moving party may prevail, the Court must grant a motion to dismiss. Williams, 71 Fed. Cl. at 197 (citing Scheuer, 416 U.S. at 236). "[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." CC Distrib., Inc. v. United States, 38 Fed. Cl. 771, 775 (1997) (quoting Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981)). Additionally, in "ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account 'evidentiary matters outside the pleadings.'" Thomas v. United States, 34 Fed. Cl. 619, 621 (1995) (quoting Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879, 884 (Fed. Cir. 1985)).

[3] However, it appears that the burden of demonstrating mootness rests upon the defendant. CCL Serv. Corp. v. United States, 43 Fed. Cl. 680, 689 (citing County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979)).

## II. RKR's Challenge To The Anticipated Cancellation Of The Solicitation Is Not Ripe For Review Because The Contracting Officer Has Not Yet Issued Any Sort Of Decision To Cancel The Solicitation

If a claim is not ripe for adjudication, this Court does not possess jurisdiction to entertain the claim. Bannum, Inc. v. United States, 56 Fed. Cl. 453, 462 (2003) (citation omitted). "A claim is not ripe 'if it is premised upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" Id. (quoting Texas v. United States, 523 U.S. 296, 300 (1998)). RKR's challenge to the Air Force's anticipated cancellation of the solicitation is not ripe for review because the contracting officer has not issued a tentative or final decision to cancel the solicitation.

In this solicitation, the Air Force's final decision maker, the contracting officer, has not issued a tentative or final decision to cancel the solicitation. App. 5. Rather, General McClain, Acting Deputy Chief of Staff, Manpower and Personnel, "recommended" that the contracting officer cancel the solicitation. App. 1. Based upon General McClain's recommendation, General Lord's August 2, 2007 memorandum stating that the solicitation no longer meets the Air Force's needs, AR 1002, and the Air Force's statement to the GAO that it believed cancellation was the only legal option, AR 999, it appears likely that the contracting officer will cancel the solicitation, however, the contracting officer could theoretically choose another course of action.[4] However, the main reason this action is not ripe is because the contracting officer has not yet articulated his rationale for the cancellation based upon whatever information is before

[4] In theory, the contracting officer could consider amending the solicitation to take the changed requirements into account and then re-soliciting the contract, but, as discussed in its letters to the GAO, the Air Force has concerns regarding the legality and practicality of this approach. AR 807-08, 999. However, the Air Force will not implement the proposed MEO structure based upon the solicitation as it stands. App. 1, 5.

him. As such, meaningful review of whether the Air Force has a rational basis for cancelling the solicitation is not possible at this time, in this Court, because the contracting officer has not actually articulated a rationale for the proposed cancellation, nor can he certify the documents he relied upon in proposing to cancel the solicitation as an administrative record, because he has not officially made a decision to cancel.

While a change in requirements is certainly a rational basis for cancelling a solicitation, see Durable Metals Prod., Inc. v. United States, 27 Fed. Cl. 472, 479 (1993), aff'd, 11 F.3d 1071 (Fed. Cir. 1993) (Table); Source AV, Inc., B- 241155, 91-1 CPD ¶ 75, 1991 WL 72884 (Comp. Gen. Jan. 25, 1991), and the record before this Court supports General Lord's conclusion that the solicitation no longer meets the Air Force's needs, this case is not ripe for review until the contracting officer makes, at least, a tentative decision to cancel the solicitation.

## III. RKR's Challenge To The Air Force's Evaluation Of Proposals Or The Air Force's Tentative Decision To Implement The MEO Is Moot

In its complaint, RKR also challenges the Air Force's evaluation of the proposals and its tentative decision to implement the MEO structure. Compl. 11-12. This Court does not possess jurisdiction to entertain RKR's protest, because, in light of the Air Force's corrective action of cancelling the tentative decision to implement the MEO,[5] App. 1, which we presume RKR is not challenging, RKR's claim is moot.

[5] Unlike the anticipated decision to cancel the solicitation, the decision to cancel the tentative decision to implement the MEO is final. Compare App. 1 ("it is in the best interest of the Air Force to cancel the 'Little' BOS decision" and "The proposed MEO structure associated with this competition should not be implemented . . ."); with id. ("I recommend your contracting officer also cancel the solicitation . . ."). This is further evidenced by the attached declaration of the contracting officer stating that the Air Force has made a final decision to cancel the tentative decision to implement the MEO and will not be implementing the MEO structure based upon the solicitation as it stands. App. 5.

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." CCL, 43 Fed. Cl. at 688 (quoting Davis, 440 U.S. at 631). A case may be dismissed for mootness if there is "no reasonable expectation" that the alleged violation will recur and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Id. at 689 (quoting Davis, 440 U.S. at 631). Here, the result of the Air Force's allegedly improper evaluation of the MEO's proposal was a tentative decision to implement the MEO structure. Rather than defend the decision when RKR raised these issues before the GAO, the Air Force took corrective action by cancelling the tentative decision to implement the MEO structure and proposing to cancel of the solicitation. As such, the relief the Air Force has provided to RKR of cancelling the tentative decision to implement the MEO structure divests this Court of jurisdiction to entertain RKR's claims relating to the evaluation of proposals. Furthermore, in light of General Lord's statement that the solicitation no longer meets the Air Force's needs, AR 1002, there is "no reasonable expectation" that the Air Force will again seek to implement the MEO structure based upon the solicitation as it stands. Because the best equitable relief RKR could obtain would be an injunction against implementing the MEO structure based upon the solicitation as it stands, the aspect of RKR's complaint challenging the evaluation of proposals and tentative decision to implement the MEO structure should be dismissed as moot.[6]

---

[6] In its complaint, RKR also seeks to have this Court "order the award of the Little BOS contract" to RKR. Compl. 11. However, it is well settled that this Court does not have the authority to select a contractor or order the award of a contract to a protestor. Innovative Resources v. United States, 63 Fed. Cl. 287, 290 n.5 (2004); see also CW Government Travel, Inc. v. United States, 46 Fed. Cl. 554, 559 (2000) (citing Parcel 49C Ltd. Partnership v. United States, 31 F.3d 1147, 1153 (Fed. Cir. 1994); Scanwell Lab., Inc. v. Shaffer, 424 F.2d 859, 869 (D.C. Cir. 1970); CACI, Inc.-Fed. v. United States, 719 F.2d 1567, 1575 (Fed. Cir. 1983)).

In undertaking the voluntary corrective action, which moots the portion of RKR's complaint challenging the evaluation of proposals and tentative decision to implement the MEO structure, the Government did not admit or concede the validity of any of the allegations, factual assertions, or alleged errors contained in RKR's complaint. Both this Court and the GAO have recognized that corrective action proposed by the Government does not amount to an admission of impropriety. See Mantech Telecomm. and Info. Sys. Corp. v. United States, 49 Fed. Cl. 57, 72 (2001) ("it is important to recall that the government is not obliged to admit an error as a precondition to proposing corrective action"); CCL, 43 Fed. Cl. at 692; see also SMS Data Prods. Group, Inc., 99-1 CPD ¶ 26, at 3, 1999 WL 40943 (Comp. Gen. 1999) ("It is not necessary for an agency to conclude that the protest is certain to be sustained before it may take corrective action; where the agency has reasonable concern that there were errors in the procurement, even if the protest could be denied, we view it as within the agency's discretion to take corrective action.") (citations omitted); Federal Sec. Sys., Inc., B-281745.2, 99-1 CPD ¶ 86, at 4-5, 1999 WL 292729 (Comp. Gen. 1999) (same) (citation omitted).

Also, since the issue of whether the Air Force's evaluation of the proposals and tentative decision to implement the MEO structure is moot, RKR's claim for bid preparation and proposal costs is also moot. This Court has held that "a decision on the merits of the award must be made prior to the award of bid preparation and proposal costs. Without analysis of the merits of the award, the court lacks a basis to grant further relief." CCL, 43 Fed. Cl. at 690. In CCL, plaintiffs protested the award of contracts for computer maintenance services to another company. Id. at 681. After protracted settlement negotiations broke down, the agency terminated the contracts at issue and cancelled the solicitation. Id. at 684-85. The Court found

that plaintiffs' complaints basically presented two questions: 1) whether there was an error in the procurement process; and 2) whether plaintiffs are entitled to bid preparation and proposal costs. Id. at 690. The Court then held that "[h]aving negated any impropriety by cancelling the award and solicitation, [the agency] has precluded the court from making a finding regarding the first question. Significantly, without reaching the merits of the first question, analysis of the second cannot proceed." Id. This Court has reached the same result in several other similar cases, where the underlying issue has been found to be moot and the Court has not allowed the plaintiff to seek bid preparation and protest costs. See Lion Raisins, Inc. v. United States, 69 Fed. Cl. 32 (2005); S.K.J. & Associates, Inc. v. United States, 67 Fed. Cl. 218 (2005); CW Gov't Travel, Inc. v. United States, 46 Fed. Cl. 554 (2000). Therefore, in this case, since the issue of whether the Air Force committed prejudicial errors in evaluating the proposals or issuing the tentative decision is moot, RKR's claim for bid preparation and proposal costs is also moot.[7]

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss RKR's complaint for lack of subject matter jurisdiction.[8]

---

[7] Similarly, RKR's claim for $60 million, primarily consisting of lost profits, based upon an alleged breach of an "implied contract of good faith and fair dealing" is also moot. Compl. 13. This claim is also deficient because even if the "fiction" of the "implied contract to have . . . bids fairly and honestly considered" claim was not superceded in 1996 by the enactment of 28 U.S.C. 1491(b), CCL, 43 Fed. Cl. at 687 (1999) (citation omitted), neither the Federal Circuit, nor its predecessor Court, ever authorized anything more than bid preparation costs under that theory. E.g., Excavation Const., Inc. v. United States, 204 Ct. Cl. 299, 494 F.2d 1289, 1290 (1974) ("It is settled that in cases of this kind this court will not award recovery of lost profits. The damages cannot exceed bid preparation costs.") (citations omitted) (emphasis added).

[8] Additionally, we respectfully request that the Court hear this motion on the following expedited schedule: 1) plaintiff's response would be due on or before October 5, 2007; 2) defendant's reply would be due on or before October 15, 2007; and 3) oral argument would be

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

September 21, 2007

Attorneys for Defendant

set for shortly thereafter at the Court's convenience. We note that plaintiff's counsel is unable to commit to a briefing schedule at this time and the Government is flexible on these dates if they are not acceptable to plaintiff's counsel.