IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-630C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STAY BRIEFING OF PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

In lieu of a response to plaintiff's motion for leave to supplement the administrative record, at this time, defendant respectfully submits this motion to stay briefing of plaintiff's motion to supplement the administrative record until after the Court rules upon defendant's motion to dismiss, filed today. This stay is appropriate for three reasons. First, if the Court grants our motion to dismiss in whole, then plaintiff's motion is obviously moot.

Second, even if the Court denies part of our motion to dismiss, the procedural posture of this case will likely be clarified and the parties will be able to more effectively argue their positions regarding the appropriateness of supplementation. As we explain in our motion to dismiss, the issue of whether the agency had a rational basis for cancellation is not ripe for review. This issue is not ripe because the contracting officer, the person with authority to cancel a solicitation, has not issued an actual decision, tentative or final, to cancel the solicitation. Until that actually happens, this protest is premature because the Court cannot review how that decision was made. The appropriate administrative record before this Court in a case challenging the cancellation of a solicitation should be the contracting officer's decision and documents relied upon by the contracting officer in making his decision. See Cygnus Corp., Inc.

v. United States, 72 Fed. Cl. 380 (2006) (examining the contracting officer's e-mail explaining her reasons for cancelling the solicitation and the documents used to support that decision). Until such a decision is made and the underlying record is actually created by the agency, the case is not ripe for judicial review. Even if the Court should deny this part of our motion to dismiss, then, through that process, the proper bounds of the administrative record in this case would likely be clarified. At that time, plaintiff would have an opportunity to file a revised motion for leave to supplement the administrative record, if it considers such a motion appropriate, to which we would then respond (or we would simply respond to plaintiff's original motion).

Third, appended to our motion to dismiss is an additional document that, under the current procedural posture of this case, should have been included in the administrative record, but was inadvertently excluded.[1] Based upon this document, plaintiff may want to amend its motion for leave to supplement the administrative record. It would then be more efficient for the parties and the Court if the Government was allowed to respond to plaintiff's amended motion based upon any clarifications in the procedural posture and new documents added to the record.

Therefore, for the foregoing reasons, defendant respectfully requests that briefing of plaintiff's motion for leave to supplement the administrative record be stayed until after the Court rules upon defendant's motion to dismiss.

---

[1] As noted in our motion to dismiss, defendant's counsel was not made aware of the document until after RKR filed its motion for leave to supplement the administrative record.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

September 21, 2007

Attorneys for Defendant