IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-630C |
| | ) | (Judge Williams) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S NOTICE OF SUBMISSION
OF DOCUMENTS FOR IN CAMERA REVIEW

Pursuant to the Court's ruling at today's status conference, the Government is providing unredacted copies of the attached redacted documents to the Court for its in camera review. The Government is also providing attachment three to the attached July 5, 2007 memorandum to the Court for its in camera review. Attachment three, Air Force attorney Gary Allen's June 21, 2007 legal memorandum, analyzes the merits of plaintiff's protest before the Government Accountability Office ("GAO") and was transmitted to various Air Force personnel. Therefore, attachment three is protected by the attorney-client privilege and/or work product doctrine.

The redacted portions of the other documents being submitted for in camera review reflect Air Force counsel or other Air Force personnel's[1] assessment of the merits of plaintiff's

[1] Since the work product doctrine is often mistakenly called the "attorney work product doctrine," we note that, pursuant to Rule 26(b)(3) of the Rules of the Court of Federal Claims, the work product doctrine applies regardless of whether the party or the party's attorney or other representative prepares the document in anticipation of litigation. See, e.g., Massachusetts Eye and Ear Infirmary v. QLT Phototherapeutics, Inc., Civil Action No. 00-CV-10783 (JLT), 2001 U.S. Dist. LEXIS 23785 (D. Mass. July 30, 2001), adopted by, 2001 U.S. Dist. LEXIS 23783 (Sept. 25, 2001) (in case involving the very similar Rule 26(b)(3) of the Federal Rules of Civil Procedure ("FRCP"), holding that "the mental impressions, opinions, or litigation theory of a party's non-attorney employee may qualify as opinion work-product when the party's non-attorney employee is acting on the party's behalf" and noting that whether an attorney or non-attorney prepares a document is irrelevant for purposes of FRCP 26(b)(3)) (citing Sprague v.

GAO protest and/or possibilities for how plaintiff's GAO protest will proceed. It is clear that much of the redacted material is derived from Mr. Allen's analysis in his memorandum. These redactions are also protected by the attorney-client privilege and/or work product doctrine.

Additionally, pursuant to the Court's request at today's status conference, the defendant also provides the following table explaining the abbreviations in the redacted documents:

| Abbreviation | Explanation |
|---|---|
| AETC/CV | Air Education and Training Command/Vice Commander (A command is a subdivision of the Air Force. Keesler Air Force Base is a part of AETC. Education and training is AETC's mission) |
| HQ USAF/A1 | Headquarters United States Air Force/Office of Manpower, Personnel and Services (Program Manager for A-76 programs) |
| DCS | Deputy Chief of Staff |
| POC | Point of Contact |
| AF/A1M | A subordinate office of HQ USAF/A1 (the Manpower and Resources division of HQ AF/A1) |
| AFLOA/JACQ | Air Force Legal Operations Agency/Commercial Litigation Office |
| AETC/A1 | Air Education and Training Command/Manpower and Personnel |
| AF/A1MS | Subordinate office of AF/A1M (the Strategic Sourcing division of AF/A1M) |
| AFPEO/CM | Air Force Program Executive Officer for Combat and Mission Support (responsible for management of all services contracts in the Air Force, particularly with regard to acquisition planning, source selection and contract formation. The AFPEO/CM was the Source Selection Authority for the Keesler Little BOS competition) |

---

Director, Office of Workers' Compensation Program, 688 F.2d 862, 869 (1st Cir. 1982); Duplan Corp. v. Deering Milliken, Inc., 540 F.2d 1215, 1219 (4th Cir. 1976)).

| | |
|---|---|
| SAF/AQ/GC/XC | This is a list of several office symbols consolidated as a space saving convention used by Air Force offices in internal memoranda. This list breaks out to "SAF/AQ, SAF/GC, and SAF/XC." SAF/AQ means Office of the Secretary of the Air Force/Acquisition. SAF/GC means Office of the Secretary of the Air Force/General Counsel. SAF/XC is defined below. |
| HQ AETC/A1 | Headquarters Air Education and Training Command/Office of Manpower and Personnel |
| HQ USAF/A1M | Same as AF/A1M |
| SAF/AQC | Office of the Secretary of the Air Force/Acquisition, Contracting |
| SAF/GCQ | Office of the Secretary of the Air Force/General Counsel, Acquisition |
| SAF/XC | Office of the Secretary of the Air Force/Office of Warfighting Integration and the Chief Information Officer |
| SAF/XCT | A subordinate to SAF/XC (the Cyberspace Transformation and Strategy division of SAF/XC) |
| AFMA/MAC | Air Force Manpower Agency/Competitive Sourcing Division (monitors all post-competition activities in A-76 studies and validates the entries into the Defense Commercial Activities Management Information System database) |
| AETC/A1M | A subordinate office to AETC/A1 (the Manpower and Resources division of AETC/A1) |

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Gary R. Allen
Air Force Legal Operations Agency,
Commercial Litigation Division
1501 Wilson Blvd., Suite 600
Rosslyn, VA 22209

/s/ William P. Rayel
WILLIAM P. RAYEL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Tel. (202) 616-0302
Fax. (202) 307-0972

September 25, 2007

Attorneys for Defendant