**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| RKR JOINT VENTURE, LLC | § | |
| A Mississippi Limited Liability Corporation, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. ______________ |
| THE UNITED STATES, | § | |
| Defendant. | § | |

**RCFC 40.2(a) NOTICE OF DIRECTLY RELATED CASE**

Related case in this court:

*RKR Joint Venture, LLC v. U.S.*, No. 07-630C (Judge Williams) (bid protest).

Status of related case:

Rule 41(a)(1)(ii) Stipulation of Voluntary Dismissal filed by the parties on Jan. 23, 2008. Complaint dismissed without prejudice to re-filing on Jan. 24, 2008.

Claims in related case:

1. Money damages for breach of implied contract of fair dealing;
2. Declaratory judgments and injunctions against cancellation of solicitation and against award to Air Force entity (the MEO), and to set aside same;
3. Declaratory judgment and order to award to RKR as the low bidder;
4. Attorney fees, expenses, and costs pursuant to EAJA.

Basis for Direct Relation

The action being filed involves the same parties and same basic claims as No. 07-630C. The transaction at issue, Solicitation F41689-02-R-0049, a contract for a Base Operating Support Cost Study (Little BOS) at Keesler Air Force Base, MS, is also the same.

The posture of the claims differs only in that the solicitation has now been cancelled. Thus, RKR does not assert claims for preliminary injunctive relief from No.

07-630C attempting to halt the cancellation or halt an impending award to the MEO. However, RKR retains its claims to permanently enjoin the cancellation and any award to the MEO, and to declare RKR the low bidder, as well as the other claims outlined above and being filed concurrently in the complaint. None of these claims are in any way mooted or negated by the cancellation of the solicitation.

Assignment to a single judge, Judge Williams, is likely to conserve judicial resources and promote an efficient determination of the actions. In No. 07-630C, the parties conducted several status conferences and informed the Court of the procedural history and factual background of this complex Air Force information technology procurement, and the atypical events that transpired during the bid and agency appeal process. The Court's familiarity with the case is likely to promote a more rapid resolution or disposition than would occur with a new judge.

Respectfully submitted,

David F. Barton, Attorney-in-Charge
State Bar No. 01853300
**THE GARDNER LAW FIRM**
745 E. Mulberry Avenue, Suite 100
San Antonio, Texas 78212-3149
Telephone: (210) 733-8191
Telecopier: (210) 733-5538
E-Mail: dfb@tglf.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded in compliance with the Federal Rules of Civil Procedure to all counsel of record as set out below, on this the 25th day of January 2008, as follows:

Will Rayel
Trial Attorney
National Courts Section
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., NW, Room 12100
Washington, DC 20530 (20005 for FedEx)
phone: (202) 616-0302
facsimile: (202) 307-0972

***VIA E-FILING IN NO. 07-630C AND REGULAR MAIL***

David F. Barton
DAVID F. BARTON